IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GOLF WORKS, INC.**, a New Mexico
Corporation,

    Plaintiff,

v.                                               No. 09-CV-0873 MV/GBW

**PHILIPPOS PHILIPPOU**, an individual;
**KATERINA, INC.**, a New Mexico corporation;
**GRECO ENTERPRISES, INC.**, a New Mexico
corporation; **LOGOS DEVELOPMENT, INC.**,
a New Mexico corporation; **PHILIPPOU, LLC**,
a New Mexico limited liability company; **CITY
OF LAS CRUCES**, a New Mexico municipality;
**JOHN DOES 1-20**; and **JOHN DOE CORPORATIONS
1-20**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants Philippos Philippou's, Katerina, Inc.'s, Katerina, LLC's, Greco Enterprises, Inc.'s, Logos Development, Inc.'s, and Philippou, LLC's [hereinafter jointly called the "Philippou Defendants"] joint *Motion to Compel Arbitration and Stay Judicial Proceedings* filed August 31, 2009, *see* Doc. 10, Att. 4.  The Court concludes that the Motion should be granted.

**I.   UNDISPUTED FACTS AND PROCEDURAL BACKGROUND.**

In March 2007, Golf Works, Inc. and Katerina, LLC [hereinafter "Katerina"], through its manager Mr. Philippou, entered into a contract for a "stipulated sum" for Golf Works to build a golf course [the "Project"] in Las Cruces on property that Katerina was developing.  The Project contract included an arbitration clause requiring the parties to arbitrate "[a]ny Claim arising out of or related to the Contract except Claims related to aesthetic effect" or claims that were expressly waived.  Doc.

10, Att. 5 at 13. Because Golf Works did not have access to water necessary to complete the Project, construction came to a halt for a period of time. When water was finally made available, Katerina allegedly refused to pay for some of the work already done and also refused to make a commitment to pay for additional work caused by the delays that was necessary to perform the contract. *See* Doc. 10, Att. 1 at 4-5.

Golf Works demanded arbitration, pursuant to the Project contract, on October 8, 2008. *See* Doc. 10, Att. 5 at 1. The demand alleged that Katerina and Mr. Philippou owed Golf Works $338,224.97 for "undisputed work, delay damages for work interfered with plus interest and attorney fees." *Id.* On April 7, 2009, Golf Works filed an Amended Demand for Arbitration, changing the amount of damages to $600,913.17. *See* Doc. 10, Att. 5 at 6. According to Golf Works, Katerina had paid Golf Works $6,049,360.06 under the Contract for the Project, but refused "to pay $336,244.97 for undisputed work plus $3,384.43 in retainage for this work. . . . [and that] Golf Works has suffered $150,528.00 in equipment delay damages, $73,540.20 in extended home office overhead delay damages, and $33,120.00 in extended jobsite overhead delay damages." Doc. 9, Ex. 1.

Golf Works additionally filed a complaint in state court on July 29, 2009 against the Philippou Defendants for "Fraud in the Inducement; Loss of Economic Opportunities," alleging that the Defendants "fraudulently induced Golf Works to enter into a transaction to construct . . . the Project by intentionally creating a false impression of the material risks concerning the water necessary for the Project" on which Golf Works reasonably relied. Doc. 10, Att. 1 at 1-3. Golf Works alleged damages in the loss of its bonding capacity, the revocation of its $200,000 letter of credit from its bank, and the loss of opportunities to bid on and perform other work. *Id.* at 3. Golf Works alleged a series of misrepresentations and delays caused by those misrepresentations, and,

as in the demand for arbitration, claimed that the Defendants had withheld payment on work Golf Works already performed and had refused to commit to pay for additional work caused by the delays that was necessary to perform the contract. *See id.* at 4-5. Golf Works sought $1,260,000 in damages.

On August 12, 2009, Golf Works amended its Complaint to add claims brought under 42 U.S.C. § 1983 and state law for violation of its due-process rights against the City of Las Cruces, contending that the City caused the breach of the Project contract by "coercing" the Defendants not to use water that was available from Moongate, a water provider, and by challenging Moongate's right to provide water to the area where the golf course was being built, which "represented an intentional deprivation of property right without due process." *See* Doc. 10, Att. 2 at 8, 15-16. Golf Works contends that the City is liable to it for "all beneficial use of its property under the Contract," including "the loss of payment for work performed;" "the loss of payment for the remaining work to be performed under the Contract;" the loss of its bonding capacity; the revocation of its $200,000 letter of credit; and the loss of opportunities to bid on and perform other work. *See id.* at 18. The Philippou Defendants filed their motion to compel arbitration and stay the judicial proceedings on August 31, 2009. The City removed the case to this Court on September 14, 2009. *See* Doc. 4.

**II.    ANALYSIS**

It is undisputed that federal law controls the disposition of the motion to compel arbitration and that Golf Works agreed to arbitrate "[a]ny Claim arising out of or related to the Contract." The only issue before the Court is whether Golf Works' fraud-in-the-inducement-of-the-contract claim is a claim that must be arbitrated under the Project contract. The answer clearly seems to be "yes" because the allegation of fraud is directly related to the Contract. In resolving "whether a claim of fraud in the inducement of the entire contract is to be resolved by the federal court, or whether the

3

matter is to be referred to the arbitrators" where the contract has an arbitration clause, the United States Supreme Court has held that

> if the claim is fraud in the inducement of the arbitration clause itself-an issue which goes to the 'making' of the agreement to arbitrate-the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402, 403-04 (1967) (internal footnote omitted); *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) ("unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."); *Spahr v. Secco*, 330 F.3d 1266, 1270 (10th Cir. 2003) (relying on *Prima Paint* to conclude that "a court may compel arbitration of a particular dispute under § 4 of the FAA only when satisfied that the 'making' of the agreement to arbitrate is not at issue"). Golf Works does not contend that it was fraudulently induced to enter into the contract clause requiring arbitration. Therefore, it appears that Golf Works must submit its fraud-in-the-inducement claim to arbitration.

But Golf Works insists that it should not be compelled to arbitrate this claim. As the Defendants note, Golf Works focuses only on factors relevant to Katerina's "alternative argument that, even if the Court concludes that the fraud-in-the-inducement claim should not be submitted to arbitration, it should stay this proceeding pending resolution of common issues of fact by the arbitrator." Doc. 9 at 2. Golf Works first argues that the Court should not compel arbitration of its damages claims against Katerina and Philippou because "no common facts exist between the arbitration and the litigation." Doc. 10, Att. 6 at 10. This argument seems specious in light of the fact that both proceedings involve a single contract between Golf Works and Katerina and arise out of the same set of facts - delay caused by Katerina's failure to provide water for completion of the

Project.  Further, Golf Works seeks the same damages in its lawsuit (albeit against the City) as it seeks against Katerina and Philippou in its arbitration demand - recovery of the loss of payment for work performed and for the remaining work to be performed under the Contract.  Further, it does not matter whether there are common facts between an issue currently being arbitrated and an issue being litigated for which a defendant seeks to compel arbitration.  The only question is whether the issue the defendant seeks to arbitrate also arises out of or relates to the contract.

Golf Works next contends that it will be prejudiced by having to arbitrate its fraud-in-the-inducement claim against Katerina and Mr. Philippou without the presence of the other Philippou Defendants at the arbitration proceeding (because they are not parties to the contract).  But Golf Work's Amended Complaint is bereft of any facts indicating that any of the Philippou Defendants, other than Katerina LLC and Mr. Philippou, had any involvement whatsoever in the Project contract negotiations.  The Court is, therefore, hard-pressed to understand how Golf Works can state a claim for fraud-in-the-inducement against any Philippou Defendant other than Katerina and Mr. Philippou.  Further, the supplement to the Project contract specifically provides that "[a]rbitration . . . may include by . . . joinder or by any other manner . . . any other . . . entity substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in arbitration."  Doc. 10, Att. 5 at 24.  Golf Works will not be unfairly prejudiced by arbitrating the claims it agreed to arbitrate against the entity and manager with whom it contracted.

Golf Works also contends that it would be prejudiced if forced to arbitrate because the City will not be involved in the arbitration and the arbitrator could "decide facts related to the City without the City being a party."  Doc. 10, Att. 6 at 13.  Again, the Court is hard pressed to see how Golf Works can state a claim regarding the alleged "taking" of its property interest in the Project contract against the City.  According to the Amended Complaint, the City had already challenged

Moongate's authority to provide water to the Project development before the Project contract between Golf Works and Katerina was orally made or executed - *i.e.*, before Golf Works had a property interest in a contract. *See* Doc. 4, Att. 1 at 6 (alleging that the Defendants knew in December 2006, when they told Golf Works that water would be available for the Project, that the City, "through the exercise of its development approval authority had created a legal dispute over whether Moongate or the City would provide the water necessary" and that the Philippou Defendants knew the same thing on January 2, 2007, when they told Golf Works that the City would provide the water for the Project). The Amended Complaint establishes that Katerina, and not the City, had a contractual obligation to Golf Works to provide the water necessary for the Project. But even when there are intertwined issues in the federal litigation and arbitration proceedings, arbitration clauses must be enforced. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 221-22 (1985) (holding that "the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums" and rejecting the argument "that district courts [instead of arbitrators] should decide arbitrable pendent claims when a nonarbitrable federal claim is before them, because otherwise the findings in the arbitration proceeding might have collateral-estoppel effect in a subsequent federal proceeding"). Arbitration clauses must be enforced even when there are defendants in the federal litigation who are not parties to the arbitration agreement. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) (noting that "federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.") (italics in original, footnote omitted).

The Court concludes that Golf Works must arbitrate its fraud-in-the-inducement claim against Katerina and Mr. Philippou. The Court will stay the judicial proceedings against the remaining Philippou Defendants pending a final decision by the arbitrator. Golf Works' federal claims against the City may go forward.

**IT IS ORDERED THAT** the Philippou Defendants' motion to compel arbitration and stay the judicial proceedings regarding the Philippou Defendants [Doc. 10, Att. 4] is GRANTED and Golf Works is ordered to arbitrate, as provided in the Project contract and supplement, its fraud-in-the-inducement claim and any other claim related to or arising under the Project contract; and

**IT IS FURTHER ORDERED** that the judicial proceedings against the other Philippou Defendants in this matter are STAYED pending a final arbitration order.

**DATED** this 15th day of July, 2010.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff*:

Emeline Mickey Beisman
2201 San Pedro NE
Bldg. 2, Suite 211
Albuquerque, NM 87110

William A. Walker, Jr., P.C.
650 E. Montana, Suite G
Las Cruces, NM 88001

*Attorneys for Philippou Defendants:*

David P. Gorman
Jaime L. Dawes
Sheehan, Sheehan & Stelzner, P.A.
40 First Plaza NW, Suite 740
P.O. Box 271
Albuquerque, NM 87103

Kyle H. Moberly
PO Box 7663
Las Cruces, NM 88006

*Attorneys for Defendant City of Las Cruces:*

Kurt Wihl
P.O. Box AA
Albuquerque, NM 87103

Marcia Driggers
Las Cruces City Attorney's Office
PO Drawer 2000
Las Cruces, NM 88001

Thomas C. Bird
Benjamin F. Feuchter
Keleher & McLeod
PO Drawer AA
Albuquerque, NM 87103